1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE W. BENDER,<br>CDCR # BV8773,<br><br>                                Plaintiff,<br><br>                    vs.<br><br>SOUTH BAY REGIONAL DETENTION FACILITY; MARTINEZ, Deputy Sheriff; UNKNOWN, Deputy Sheriff,<br><br>                                Defendants. | Case No.:  3:24-cv-1090-AJB-MMP<br><br>**ORDER: (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 4] AND**<br><br>**(2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) AND 1915A(b)** |

## I.    INTRODUCTION

On June 24, 2024, Plaintiff Lee W. Bender ("Plaintiff" or "Bender"), currently incarcerated at Substance Abuse Treatment Facility and State Prison and proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (*See* Doc. No. 1.) In it, Plaintiff alleges that while he was detained at South Bay Detention Facility, his Eighth Amendment rights were violated when he injured his hand attempting to open a cell door that was defective. (*Id.* at 9–10.) On June 21, 2024, this Court dismissed the action because Plaintiff had failed to pay the filing fee or properly move to proceed *in forma pauperis* ("IFP"). (Doc. No. 3.) The Court informed Plaintiff that to have his case reopened he must

either pay the civil filing fee or file a properly supported IFP application within 45 days. (*Id.* at 3.) On July 22, 2024, Bender filed an IFP motion and a motion to "reopen the case." (Doc. Nos. 4; 5.) Because the case was automatically reopened when Plaintiff filed his IFP motion, his Motion to Reopen the Case (Doc. No. 5) is denied as moot. And, for the reasons discussed below, the Court grants Plaintiff's IFP motion and dismisses the Complaint without prejudice for failure to state a claim.

## II.    MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.[1] *See* 28 U.S.C. § 1914(a). A party may initiate a civil action without prepaying the required filing fee if the Court grants leave to proceed IFP based on indigency. 28 U.S.C. § 1915(a); *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).

To proceed IFP, plaintiffs must establish their inability to pay by filing an affidavit regarding their income and assets. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). Prisoners must also submit a "certified copy of the [prisoner's] trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. §§ 1915(b)(1) & (4). Prisoners who proceed IFP must repay the entire fee in installments regardless of whether their action is ultimately dismissed. 28 U.S.C. § 1915(b)(2); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016).

In support of his IFP Motion, Bender has provided a copy of his trust account

---

[1]    Civil litigants must pay an administrative fee of $55 in addition to the $350 filing fee. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

statement. (Doc. No. 2.) During the months prior to filing suit, Plaintiff had an average monthly balance of $58.29, average monthly deposits of $67.07, and an available account balance of $1.21 at the time he filed suit. (*Id*. at 2.) The Court therefore **GRANTS** Plaintiff's Motion to Proceed IFP and declines to impose an initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1) because his prison certificate indicates he may have no means to pay it. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor v. Delatoore*, 281 F.3d 844, 850 (9th Cir. 2002) (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.")

## III.   SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)

### A.    Legal Standards

Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), the Court must screen a prisoner's IFP complaint and *sua sponte* dismiss it to the extent that it is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (*en banc*); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010). "The standard for determining whether Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires that a complaint to "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Id*. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id*.

To state a claim under § 1983, a plaintiff must plausibly allege "both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### B.    Plaintiff's Allegations

Plaintiff alleges that while he was detained at South Bay Regional Detention Facility ("SBRDF"), he noticed that the door to his cell did not have a doorknob or handle. In May of 2023, Bender told Deputy Martinez about the missing door handle, and Martinez responded by telling Bender that none of the doors in the unit had handles or knobs. (Doc. No. 1 at 9.) Martinez also told Bender he knew of other detainees hurting their hands as a result. (*Id.*)

On July 7, 2023, Bender "mashed" his finger in the door because there was no handle, causing "excruciating pain." (*Id.*) Bender received medical care from an unnamed nurse, who told him he was "the fourth person that she knew [who had] had his hand smashed." (*Id.*) Plaintiff alleges that a Sheriff's deputy, who he identifies as "Unknown Deputy," was on duty at the time of his injury and told him that "three other inmates [had] smash[ed] their hands in the door, because there was no door handles on the door." (*Id.* at 10.)  As a result of his injury, Plaintiff's finger was "put in a cas[t]." (*Id.*)

### C.    Discussion

In his Complaint, Bender alleges Defendants violated Eighth Amendment rights by filing to protect him from injury from the "defective" doors. (*Id.* at 10, 11.) Bender names three Defendants: SBRDF, Martinez and Unknown Deputy (*id.* at 2) and seeks an unspecified amount of compensatory and punitive damages (*id.* at 12).

#### 1.    Applicable Law

Although Plaintiff cites to the Eighth Amendment for the basis of his claims, because it appears he was a pre-trial detainee at the time of his injury, the constitutional claims he asserts arise under the Due Process Clause of the Fourteenth Amendment. *See Graham v. Connor*, 490 U.S. 386, 393 & n.6 (1989) (stating the Eighth Amendment's prohibition of

"cruel and unusual punishments" applies only "after conviction and sentence"); *Stone v. City of San Francisco*, 968 F.2d 850, 857 n.10 (9th Cir. 1992) ("[P]retrial detainees . . . possess greater constitutional rights than prisoners."); *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001) ("[P]retrial detainees are accorded no rights under the Eighth Amendment. Instead, their rights arise under the Due Process Clause of the Fourteenth Amendment.") (internal citations omitted); *Shorter v. Baca*, 895 F.3d 1176, 1183 (9th Cir. 2018).

Under the Fourteenth Amendment, a pretrial detainee alleging a failure-to-protect claim must show the defendant(s) acted with "more than negligence but less than subjective intent—something akin to reckless disregard." *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc). Specifically, to state such a claim a plaintiff must plausibly allege: (1) the defendant made an intentional decision with respect to the conditions under which the [detainee] was confined; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) by not taking such measures, the defendant caused the plaintiff's injuries. *Id.* "With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn[] on the facts and circumstances of each particular case.'" *Id.* (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015)).

### 2.    *Martinez and Unknown Deputy*

As currently pleaded, Bender fails to state a claim against Martinez or Unknown Deputy. As to Martinez, Bender states he told Martinez in "early May 2023" that his cell did not have a door handle and Martinez responded that he knew of detainees hurting their hands on the doors as a result. (Doc. No. 1 at 9.) Plaintiff also states that shortly after he injured his hand on July 7, 2023, Unknown Deputy told Bender he knew of other detainees who had "hurt their hands" on the door. (*Id.* at 10.)

Plaintiff, however, fails to allege any facts suggesting Martinez or Unknown Deputy made "intentional decisions" about the matter which put Bender at "substantial risk of serious harm." *Castro*, 833 F.3d at 1071. At most, Bender appears to allege Martinez and Unknown Deputy were aware the door was broken prior to his injury and speculates that they could have, but failed to, prevent it. But such speculation is insufficient to state a claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level."). Furthermore, while Bender alleges Martinez and Unknown Deputy knew other detainees had "hurt[] their hands" on the door (Doc. No. 1 at 9, 10), he fails to allege any specific facts as to the nature or degree of those purported injuries. As such, Bender has not plausibly alleged Martinez or Unknown Deputy knew the faulty door created a "substantial risk of serious harm" to him. *See Castro*, 833 F.3d at 1071.

And even assuming Bender had done so, his allegations are also insufficient to satisfy *Castro's* third element, which requires him to adequately allege Defendants' conduct was "objectively unreasonable." *Gordon v. Cnty of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018). Specifically, Bender has failed to adequately allege that "a reasonable officer in the circumstances would have appreciated the high degree of risk involved" or that "the consequences of the defendant's conduct [were] obvious." *Id.*; *see also Castro*, 833 F.3d at 1071 (stating that determination of whether a defendant's conduct was objectively unreasonable "will necessarily turn on the facts and circumstances of each particular case"); *Grant v. Los Angeles Cnty. Sheriff's Dep't*, 2020 WL 4186388, at *5 (finding detainee failed to state a claim that the defendant was deliberately indifferent to harm caused by a faulty toilet when the plaintiff's "only allegation against [the defendant] is that he was notified of the problem . . . and failed to procure a plumber"). In short, Plaintiff's cursory and conclusory allegations are insufficient to state a failure-to-protect claim against Martinez or Unknown Defendant. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *Iqbal*, 556 U.S. at 678.

### 3.    *South Bay Regional Detention Facility*

3:24-cv-01090-AJB-MMP

Plaintiff also names the SBRDF as a defendant. (Doc. No. 1 at 2.) As noted above, to establish liability under section 1983, a plaintiff must allege "the deprivation was committed by a person acting under color of state law." *See Tsao*, 698 F.3d at 1138. A local jail is not a "person" and therefore not a proper defendant under § 1983. *See Vance v. Cnty. of Santa Clara,* 928 F. Supp. 993, 996 (N.D. Cal. 1996) ("Naming a municipal department as a defendant is not an appropriate means of pleading a § 1983 action against a municipality."); *Powell v. Cook Cnty. Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) ("Section 1983 imposes liability on any 'person' who violates someone's constitutional rights 'under color of law.' Cook County Jail is not a 'person.'"). Thus, to the extent Bender alleges SBRDF violated his constitutional rights, his Complaint fails to state a claim because this entity is not a "person" subject to suit under § 1983.

Moreover, while the County of San Diego itself may be considered a "person" and therefore, a proper defendant under § 1983, *see Monell v. Dep't of Social Services*, 436 U.S. 658, 691, (1978); *Hammond v. Cnty. of Madera*, 859 F.2d 797, 801 (9th Cir. 1988), Bender has not named the County as a Defendant. Moreover, as a municipality, the County may be held liable under § 1983—but only where the plaintiff alleges facts to show that a constitutional deprivation was caused by the implementation or execution of "a policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the County, or a "final decision maker" for the County. *Monell*, 436 U.S. at 690; *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 402–04 (1997). In other words, "respondeat superior and vicarious liability are not cognizable theories of recovery against a municipality." *Miranda v. Clark Cnty. Nev*., 279 F.3d 1102, 1109–10 (9th Cir. 2002). Instead, a *Monell* claim arises when the alleged constitutional deprivation was inflicted in "execution of a government's policy or custom."[2] *Monell*, 436 U.S. at 694.

---

[2]    To state a *Monell* claim, a plaintiff must allege more than mere "formulaic recitations of the existence of unlawful policies, conducts, or habits." *Bedford v. City of Hayward*, 2012 WL 4901434, at *12 (N.D. Cal. 2012) (quoting *Warner v. Cnty. of San Diego*, 2011 WL 662993, at *4 (S.D. Cal. 2011) ); *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by

Based on the above, the Court dismisses Bender's a claim against SBRDF without prejudice. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *Tsao*, 698 F.3d at 1138.

### D.    Leave to Amend

In light of Plaintiff's *pro se* status the Court **GRANTS** him leave to amend. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

## IV.    CONCLUSION AND ORDER

Accordingly, the Court:

1.    **GRANTS** Plaintiff's Motion to Proceed IFP (Doc. No. 4).

2.    **ORDERS** the Secretary of the CDCR, or his designee, to collect the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST CLEARLY IDENTIFY THE NAME AND CASE NUMBER ASSIGNED TO THIS ACTION.

3.    **DIRECTS** the Clerk of the Court to serve a copy of this Order on Jeff Macomber, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001, by U.S. Mail, or by forwarding an electronic copy to trusthelpdesk@cdcr.ca.gov.

4.    **DENIES** Plaintiff's Motion to Reopen Case (Doc. No. 5) as moot.

5.    **DISMISSES** Plaintiff's Complaint in its entirety for failure to state a claim

---

mere conclusory statements, do not suffice."); *Oviatt v. Pearce*, 954 F.2d 1470, 1477 (9th Cir. 1992) ("The existence of a policy, without more, is insufficient to trigger local government liability under section 1983."); *Spiller v. City of Texas City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997) ("The description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts."). "*Monell* allegations must be [pled] with specificity." *Galindo v. City of San Mateo*, 2016 WL 7116927, at *5 (N.D. Cal. 2016).

pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

6.    **GRANTS** Plaintiff **forty-five (45) days** leave from the date of this Order in which to file a First Amended Complaint which cures the deficiencies of pleading noted in this Order. Plaintiff's Amended Complaint must be complete by itself without reference to his original Complaint. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to timely file a First Amended Complaint, the Court will enter a final Order dismissing this civil action based both on failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), and failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated:  December 2, 2024

Hon. Anthony J. Battaglia
United States District Judge