UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE W. BENDER,<br>CDCR # BV8773,<br><br>                        Plaintiff,<br><br>  vs.<br><br>MARTINEZ, Deputy Sheriff;<br>UNKNOWN, Deputy Sheriff,<br><br>                        Defendants. | Case No.: 24-cv-1090-AJB-MMP<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) AND 1915A(b)** |

**I.    INTRODUCTION**

      Plaintiff Lee W. Bender ("Plaintiff" or "Bender") is an inmate who is proceeding *pro se* with a civil rights action pursuant to 42 U.S.C. § 1983. (*See* Doc. No. 1.) On December 2, 2024, this Court granted Plaintiff's motion to proceed in forma pauperis ("IFP"), dismissed his original complaint without prejudice, and granted him leave to amend. (Doc. No. 6.) Bender has now filed a timely First Amendment Complaint ("FAC"). (Doc. No. 7.) In it, he alleges Defendants violated his constitutional rights by failing to prevent him from injuring his hand on a broken cell door handle. (*Id.* at 2–3.) For the reasons discussed below, the Court **DISMISSES** the FAC for failure to state a claim.

## II. SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)

### A. Legal Standards

Because Plaintiff is proceeding IFP, the Court must screen his FAC pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and *sua sponte* dismiss it to the extent that it is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (*en banc*); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010). "The standard for determining whether Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires that a complaint to "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Id*. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id*.

To state a claim under § 1983, a plaintiff must plausibly allege "both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### B. Plaintiff's Allegations

In his FAC, Bender states that while he was detained at South Bay Regional Detention Facility ("SBRDF"), he noticed that his cell door did not have a doorknob or handle. (Doc. No. 7 at 2.) In May of 2023, Bender told Deputy Martinez about the missing door handle, and Martinez responded that none of the doors in the unit had handles or knobs. (*Id*.) Martinez also told Bender he knew of other detainees who had also hurt their hands on broken cell doors (including a detainee who "broke" his hand). (*Id*.)

On July 7, 2023, Bender "mashed" his finger his cell door, causing "excruciating pain." (*Id.*) Bender received medical care from an unnamed nurse, who told him he was "the fourth person that she knew [who had] had his hand smashed." (*Id.*) "Unknown Deputy"[1] was on duty at the time of Bender's injury, after which he told Bender that "three other inmates [had] smash[ed] their hands in the door, because there was no door handle on the door, and two of them broke numerous fingers." (*Id.*) As a result of his injury, Plaintiff's finger was "put in a cas[t]." (*Id.* at 3.) Bender alleges Martinez knew other inmates had hurt themselves using the defective door handle but ignored the "obvious danger" and failed to have it repaired promptly. (*Id.*)

C.   **Discussion**

In his FAC, Bender alleges Martinez and Unknown Defendant violated his Fourteenth Amendment rights by failing to protect him from injury caused by the "defective" doors. (*Id.* at 4.)

As discussed in this Court's previous screening order, because it appears Plaintiff was a pretrial detainee[2] at the time of the incident, his claim arises under the Due Process Clause of the Fourteenth Amendment. *See Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001) ("[P]retrial detainees are accorded no rights under the Eighth Amendment. Instead, their rights arise under the Due Process Clause of the Fourteenth Amendment.") (internal citations omitted); *Shorter v. Baca*, 895 F.3d 1176, 1183 (9th Cir. 2018).

Under the Fourteenth Amendment, a pretrial detainee alleging a failure-to-protect claim must show the defendant(s) acted with "more than negligence but less than subjective intent—something akin to reckless disregard." *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc). Specifically, a plaintiff must plausibly allege: (1) the defendant made an intentional decision with respect to the conditions under which the

---

[1]   Plaintiff describes this deputy as "black[,] . . . bald[-]head[ed with a] stocky build." (Doc. No. 7 at 2.)

[2]   Bender states he was transferred to the custody of the California Department of Corrections and Rehabilitation ("CDCR") on August 26, 2023. (Doc. No. 7 at 4.)

[detainee] was confined; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) by not taking such measures, the defendant caused the plaintiff's injuries. *Id.*

Here, Bender fails to state a claim against Martinez or Unknown Deputy. A "mere lack of due care by a state official" does not "'deprive' an individual of life, liberty, or property under the Fourteenth Amendment." *Daniels v. Williams*, 474 U.S. 327, 330–31 (1986) (holding that negligent actions or omissions by state officials are not actionable under § 1983); *see also Davidson v. Cannon*, 474 U.S. 344 (1986) (same). Bender states that approximately two months before his injury, he mentioned to Martinez that his cell did not have a door handle. Martinez responded that "none of the door[s]" on the unit "ha[d] [a] doorknob or handle" and acknowledged he knew of "detainees hurting their hands." (Doc. No. 7 at 2.) Plaintiff also states that shortly *after* he injured his hand on July 7, 2023, Unknown Deputy told Bender he had heard of other detainees who had "hurt their hands." (*Id.* at 10.) Plaintiff, however, fails to allege any facts suggesting Martinez or Unknown Deputy made "intentional decisions" about the matter which put Bender at "*substantial* risk of *serious* harm." *See Castro*, 833 F.3d at 1071 (emphasis added). At worst, Bender has alleged a mere lack of due care, which is insufficient to state a due process claim. *See Daniels*, 474 U.S. at 328 (stating "inadvertent failure[s]" do not rise to the level constitutional violation); *see also Castro*, 833 F.3d at 1071. Therefore, Bender has failed to state a Due Process claim against Defendants. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *Iqbal*, 556 U.S. at 678.

### D. No Leave to Amend

The Court previously provided Bender with a short and plain statement of his pleading deficiencies, and an opportunity to amend his claims, to no avail. As such, the Court finds granting further leave to amend would be futile. *See Gonzalez v. Planned Parenthood*, 759, F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself,

justify the denial of . . . leave to amend.'"); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad." (internal quotation marks omitted)). Thus, the FAC is dismissed without further leave to amend.

### III.   CONCLUSION AND ORDER

For above reasons, the Court **DISMISSES** this civil action *sua sponte* without further leave to amend for failure to state a claim upon which § 1983 relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

The Court further **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) and **DIRECTS** the Clerk of Court to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED.**

Dated: May 5, 2025

Hon. Anthony J. Battaglia
United States District Judge